# UNITED STATES DISTRICT COURT
## FOR THE DISTICT OF COLUMBIA

| | |
|---|---|
| **SHOEB KHAWAJA,** | |
| **18900 Michigan Ave. M-113 Fairlane Dearborn, MI 48126** | **Case No.:** |
| **Plaintiff,** | |
| **against** | **COMPLAINT** |
| **UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES** | |
| **111 Massachusetts Ave., N.W. MS 2260 Washington, DC 20529-2260** | |
| **Defendant.** | |

1.     This complaint is brought by plaintiff Shoeb Khajwa against defendant, United States Citizenship and Immigration Services (USCIS), for judicial review under the Administrative Procedure Act of USCIS's decisions in File No. WAC1790423423, dated December 18, 2017,  denying plaintiff's application for change of nonimmigrant status to F-1 nonimmigrant student status.

2.     As will be shown, this application was denied for a reason that is not only directly contrary to the plain language of the relevant regulations, but also represented an abrupt change of USCIS policy which the plaintiff had little reason to anticipate and was deeply prejudiced by.

3.     This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101 et. seq., and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

4.     Shoeb Khawaja is a citizen and resident of Pakistan who was lawfully admitted to the United States as visitor for pleasure, and is now temporarily present in Wayne County, Michigan.

5.     The United States Citizenship and Immigration Services (USCIS) is an agency of the United States residing in the District of Columbia.

6.     Further a substantial part of the events or omissions giving rise to the claim contained herein  occurred within the District of Columbia, as this action arises out of a decision apparently made at a national level within the central headquarters of the USCIS , that is the abrupt and unannounced policy of disregarding the plain language of USCIS regulations in adjudicating applications for change of nonimmigrant status to F-1.

7.     Therefore venue is properly vested in this Court by 28 U.S.C. § 1391(e)(1)(A) and (B).

## STATEMENT OF RELEVANT FACTS

8.     On March 16, 2017, the plaintiff was admitted to the United States until September 15, 2017 as a business visitor  ("B-1").

9.     On August 8, 2017 Shoeb Khawaja applied for change of nonimmigrant status to F-1.

10.    This application was supported in material part by a Form I-20, "Certificate of Eligibility for Nonimmigrant Student Status", issued by Michigan Language Center, indicating that Shoeb Khawaja had been admitted to study at that institution with a "program start date" of September 4, 2017.

11.    However, on December 18, 2017 the USCIS issued a decision

denying this application because "On November 20, 2017, the program start date was deferred to January 1, 2018, more than 30 days after your B  status expired" and therefore, Mr. Khawaja supposedly failed to **maintain a valid nonimmigrant status up to 30 days before the program start date and so are was not eligible for the requested change of status.**" (parenthetical material added for clarity), citing  8 C.F.R. 214.2(f)(5), which provides in relevant part that:

General . . . An F-1 student may be admitted for a period up to 30 days before the indicated report date or program start date listed on Form 1-20 . . .

12.     Upon information and belief, Michigan Language Center deferred Mr. Khawaja's program start date because if it had not the SEVIS itself would have automatically terminated Mr. Khawaja's registration in the system which, upon information and belief, USCIS would have used as an (invalid) excuse for denying Mr. Khawaja's application for change of nonimmigrant status.

## COUNT I

13.     5 U.S.C. § 706  provides in relevant part that:

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--
**...**
- **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be--

o      (**A**)  arbitrary, capricious, an abuse of discretion, or  otherwise not in accordance with law;

14.    The USCIS's decision of December 18, 2016  denying the plaintiff's application for change of nonimmigrant status (the decision) was not in accordance with law in that it was premised upon Mr. Khawaja's program start date as set forth in the SEVIS system (January 1, 2018), rather than on form I-20 (September 4, 2017) as provided by 8 C.F.R. § 214.2(f)(5) (January 4, 2016).

15.    The USCIS provided no authority or explanation for its unilateral decision to substitute the "deferred program start date" apparently appearing in the SEVIS database to the program date set forth on Mr. Khadawaja's form I-20, as dictated by its regulations.

16.    Therefore Mr. Khawaja, whose B-1 status did not expire until September 15, 2015, well within 30 days of the September 4, 2017 program start date indicated on him form I-20,   was qualified to be granted a change of nonimmigrant status under the plain language of 8 C.F.R. § 214.2(f)(5)(i).

17.    8 C.F.R. § 214.2(f)(5) is nothing if not unambiguous. It is the date on Mr. Khawaja's Form I-20, and not in the SEVIS database, that dictates his program start date for determining whether he was maintaining status up to 30 days before that  date and so eligible to change his nonimmigrant status.

18.    The USCIS's decision denying Mr. Khawaja's application for change of nonimmigrant status because his nonimmigrant status expired more than 30 days before his SEVIS program date of January 1, 2018 was not in accordance with law because there is simply no requirement that an applicant for a change of nonimmigrant status be maintaining a lawful nonimmigrant status within 30 days on the program start date contained in his "SEVIS record", and any such purported requirement is directly contrary to the plain language  of 8 C.F.R. § 214.2(f)(5)(i).

19.    Accordingly, the USCIS's decision  denying Mr. Khawaja's change of nonimmigrant status to F-1 was not in accordance with law and should be held unlawful and set aside by this Court.

WHEREFORE the plaintiff requests that this Court find that the USCIS's decision in File No. WAC1790423423, dated December 18, 2017, to be unlawful, and set it aside, as not in accordance with law, and direct the USCIS to issue a new decision in accordance with its applicable regulations and other law.

## COUNT II

20.    USCIS made what appears to be an agency wide decision sometime in the beginning of 2016 to disregard the plain language of 8 C.F.R. § 214.2(f)(5)(i) which provides that "(a)n F-1 student  may be admitted  for a period  up to 30 days before  the indicated report  date or program  start date listed on **Form I-20**

..." and instead interpret it to say "(a)n F-1 student  may be admitted  for a period up to 30 days before  the indicated report  date or program  start date listed *in SEVIS*" (emphasis supplied).

21.    The USCIS had previously interpreted this regulatory language according to its actual wording since its promulgation on December 11, 2002.

22.    For example pronouncements from both the USCIS's Vermont Service Center (VSC) and the California Service Center (CSC) from prior to 2016 confirm that adjudicators would previously rely on the initial program start date on the I-20 when adjudicating a change of status to F-1 application where the program start date was deferred. The minutes (on USCIS letterhead) from the August 20, 2009 VSC stakeholder meeting include the following Question and Answer:

23.    B. Under SEVP policy, a school is instructed to defer the program start date in SEVIS if it appears the change of status will not be approved before the program start date as originally set. NAFSA would like to confirm that the change of status application remains approvable after subsequent deferrals of the start date in SEVIS pursuant to this SEVP policy, provided the applicant's immigration status at the time of filing was valid to at least 30 days before the program start date on the I-20 initially submitted in support of the application for change of status. Response: If otherwise approvable, a change of status will remain approvable regardless of subsequent deferrals of the program start date provided

that the applicant's status at the time of filing was within at least 30 days of the program start date indicated on the initial I-20.

In addition, minutes (on USCIS letterhead) from the May 6, 2009 CSC stakeholder meeting state:

24.    This is a follow-up item to Question 9 from our General Meeting on February 25, 2009. We asked whether the start date of the course of study as indicated on the Form 1-20 must be on or before the expiration of the current status (i.e. B-2) and CSC responded that the start date of the course should be on or before the expiration of status. The regulations at 8 CFR §214.2(f)(5)(i), defining "duration of status" state "An F-I student may be admitted for a period up to 30 days before the indicated report date or program start date listed on Form1- 20." AILA urges CSC to reconsider its answer, and to conclude that, consistent with the 30- day window provided by 8 CFR §214.2(f)(5)(i), a change of status to F-1 may be approved where the intended start date for the course of studies will commence no more than 30 days after the expiration of the period of authorized stay held by the alien at the time of the filing of the request to change nonimmigrant status. (Emphasis added). Response: If the requested start date is within 30 days of the previous status expiration date, this would not be cause for denial of the application.

25.     Finally the American Immigration Lawyers Association (AILA) (the nation's largest association of immigration lawyers) has stated that regarding changes of status to F-1 due solely to changes in the program start date in SEVIS, that:

> Prior to the spring of 2016, AILA received no reports from members who had received denials of this nature. After receiving initial reports of denials in spring 2016, AILA posted a "call for case examples" to the general membership. We received more than 100 cases in response, the earliest of which had been denied in February 2016. This response, along with the above minutes, clearly indicates a shift in policy.

26.     Therefore even in the unlikely event that the USCIS's rewriting of the plain language of 8 C.F.R. § 214.2(f)(5)(i) was somehow a reasonable interpretation of the same, it is unenforceable against the plaintiffs because USCIS failed to notify them with ascertainable certainty under what circumstances they must extend their nonimmigrant status while an application for change of nonimmigrant status to F-1 is pending.

27.     No noncitizen could be expected to read the plain language of 8 C.F.R. § 214.2(f)(5)(i) and understand that it was not enough that he maintain a valid status to within 30 days of their program start date on form I-20, but that he was instead required to maintain a valid nonimmigrant status until within 30 days of the program start date in "SEVIS", particularly when he wasn't aware even that their SEVIS program start date was being changed by his university, even though

this was derogatory information which the USCIS was required to  inform him of prior to making a decision, and also in light of the USCIS's over decade long history of enforcing the regulation as it was written.  *See, e.g.  GE Co. v. OSHRC*, 583 F.2d 61, 67-68 (2d Cir. 1978) ("Simply put, to apply this standard to the surface here in question would go too far it would be inconsistent with the wording of the standard and it would create considerable doubt that the standard provides  to employers fair warning of the conduct which it prohibits or requires."), *Phelps Dodge Corp.* v. *Federal Mine Safety and Health Review Comm'n*, 681 F.2d 1189, 1192 (9th Cir. 1982) (recognizing that "the application of a regulation in a particular situation may be challenged on the ground that it does not give fair warning that the allegedly violative conduct was prohibited"); *Kropp Forge Co.* v. *Secretary of Labor*, 657 F.2d 119, 122 (7th Cir. 1981) (refusing to impose sanctions where standard the regulated party allegedly violated "d[id] not provide 'fair warning' of what is required or prohibited"); *Dravo Corp.* v. *Occupational Safety and Health Review Comm'n*, 613 F.2d 1227, 1232-1233 (3rd Cir. 1980) (rejecting agency's expansive interpretation where agency did not "state with what is meant by the standards [it] ha[d] promulgated" (internal quotation marks omitted; emphasis deleted)).

28.     Plaintiff was prejudiced by this sudden change of policy since had he known that USCIS read the words "on form I-20" in 8 C.F.R. § 214.2(f)(5)(i) to mean "in SEVIS" he could and would have applied to extend his visitor's status while his application for change of nonimmigrant status was pending.

Wherefore the Court should hold that the USCIS did not act in accordance with law by enforcing upon plaintiff a radically new interpretation of 8 C.F.R. § 214.2(f)(5)(i) which cannot be reasonably ascertained to mean that he was required to file his application for change of nonimmigrant status within 30 days of a program start date in their SEVIS record that hadn't even been finally determined yet and directly at odds with its plain language without any notice after approximately 13 years of enforcing the regulation according to its plain and unambiguous meaning.

## COUNT III

24. 8 C.F.R. § 248.1(b) provides that:

> Timely filing and maintenance of status. Except in the case of an alien applying to obtain V nonimmigrant status in the United States under § 214.15(f) of this chapter, a change of status may not be approved for an alien who failed to maintain the previously accorded status or whose status expired before the application or petition was filed, except that failure to file before

the period of previously authorized status expired may be excused in the discretion of USCIS, and without separate application, where it is demonstrated at the time of filing that:

**(1)** The failure to file a timely application was due to extraordinary circumstances beyond the control of the applicant or petitioner, and USCIS finds the delay commensurate with the circumstances;
**(2)** The alien has not otherwise violated his or her nonimmigrant status;
**(3)** The alien remains a bona fide nonimmigrant; and
**(4)** The alien is not the subject of removal proceedings under 8 CFR part 240.

29.     Even if his program start date were determined by the SEVIS program, which the regulations nowhere provide it is, and not his Form I-20, as is unambiguously provided in 8 C.F.R. § 214.2(f)(5)(i), nevertheless, the USCIS had the discretion under 8 C.F.R. § 248.1(b) to grant Mr. Khawaja a change of nonimmigrant status

30.     Although Mr. Khawaja could in fact have applied for an extension of his visitor's status, had he known that the USCIS had changed its interpretation of 8 C.F.R. § 214.2(f)(5) to require that he maintain a nonimmigrant status to within 30 days of his program start date in SEVIS, he was unaware of such a requirement. Therefore, if he did have a duty to continue to maintain status until within 30 days of his SEVIS program start date, he was unable to do so due to circumstances beyond his control, namely his ignorance of the fact that USCIS policy now required this.

31.     Accordingly, if despite the facts and law set forth above, this Court

holds that the plaintiff had a duty to maintain a lawful nonimmigrant status until the program start date set forth in SEVIS, as changed after his application for change of nonimmigrant status was filed, then this Court should remand this matter to USCIS to consider, in its discretion, whether plaintiff should be granted a change of status to F-1, despite his failure to maintain status until the SEVIS program start date. *Youseffi v. Renaud*, 794 F. Supp. 2d 585, 594 (D. Md. 2011) ("it is apparent from the language and structure of section 248.1(b) that the Secretary of Homeland Security has discretion, in appropriate cases, to excuse change-of-status applicants who file while their prior status is valid, but subsequently fall out of status. Because this Court only has the authority to address the agency's regulatory interpretations relating to eligibility, the case will be remanded to the USCIS for further proceedings consistent with the eligibility principles articulated in this opinion.").

WHEREFORE the plaintiff requests that in the event that this Court does not grant them the relief sought in Counts I and II of this complaint, that it find that the USCIS's decision in File No WAC1790423423, dated December 18 2017, to be unlawful, and set it aside, as an abuse of discretion, and remand this

matter back to the USCIS for further proceedings consistent with the eligibility

principles articulated in Count III of this complaint and by the court in *Youseffi v.*

*Renaud.*

      Respectfully submitted, this 2nd day of February, 2018

/s/ *Michael E. Piston*

Michael E. Piston
MI 002
Attorney at Law
225 Broadway, Suite 307
New York, NY, 10007
Ph: 646-845-9895
Fax: 206-770-6350
Email:michaelpiston4@gmail.com